FILED

01/17/2018

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 8, 2017

## THOMAS ERNEST YOUNG v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2013-C-2425     Seth W. Norman, Judge**

_____

### No. M2016-02333-CCA-R3-HC
_____

The Petitioner, Thomas Ernest Young, appeals as of right from the Davidson County Criminal Court's summary dismissal of his petition for a writ of habeas corpus. He claims entitlement to habeas corpus relief, alleging that his guilty-pleaded conviction for Class C felony possession of cocaine is void because the cocaine was obtained following his unlawful arrest, because he was the victim of vindictive prosecution, because he received ineffective assistance of counsel, and because his plea resulted from coercion. Alternatively, he submits that we should treat his petition as one seeking post-conviction relief and that the one-year statute of limitations should be tolled due to his mental incompetence. Following our review, we conclude that the Petitioner has failed to state a cognizable claim for habeas corpus relief and, furthermore, that tolling of the one-year limitations period for filing a post-conviction petition is not required. Therefore, we affirm summary dismissal of his petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J. ROSS DYER, JJ., joined.

Thomas Ernest Young, Hartsville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter, and Courtney R. Orr, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**
FACTUAL BACKGROUND

A Davidson County grand jury charged the Petitioner with possessing, on May 30, 2013, 0.5 grams or more of cocaine with the intent to sell or deliver. See Tenn. Code

Ann. § 39-17-417(a)(4), (c)(1). He thereafter pled guilty, on April 17, 2014, to the lesser-included offense of possession of less than 0.5 grams of cocaine with the intent to sell, a Class C felony. See Tenn. Code Ann. § 39-17-417(c)(2)(A). In exchange for his plea, the Petitioner received a six-year sentence as a Range I, standard offender to be served in the Department of Correction and consecutively to a prior "parole case." Judgment was entered that same day, April 17, 2014,[1] and reflects that the Petitioner was "to report" a week later, on April 24, 2014.

On March 21, 2016, the Petitioner, pro se, filed a petition for writ of habeas corpus in the Davidson County Criminal Court, asserting that his conviction was void: (1) because the Petitioner was subjected to an illegal Terry[2] stop and, therefore, the drugs were illegally obtained in violation of his Fourth Amendment rights; (2) because the Petitioner was the "victim of selective prosecution, racial discrimination, and overreaching by police and/or police misconduct"; (3) because trial counsel was ineffective for failing to file a motion to suppress the drugs and for providing incorrect advice regarding the Petitioner's bond; and (4) because the Petitioner was coerced into signing the plea agreement. The habeas corpus court dismissed this petition on May 11, 2016, finding that the Petitioner was incarcerated in the Bledsoe County Correctional Complex in Pikeville, Tennessee, and that the Petitioner had not filed the petition in the court most convenient to him or provided any reason for filing the petition in Davidson County, the county of conviction. See Tenn. Code Ann. § 29-21-105.

The Petitioner filed a second pro se petition in the Davidson County Criminal Court on September 23, 2016, asserting the same grounds for relief. The Petitioner further noted,

> The [P]etitioner is currently being housed at Trousdale Turner Correctional Center. He is on the list to be transferred to Riverbend in Nashville, TN, Davidson County.[3] Also, the [P]etitioner filed a petition in Trousdale County. The petition was denied[;] the court stated it didn't have jurisdiction to rule on the petition. These are the reasons for filing in Davidson County.

The Petitioner attached a letter from the Trousdale County Criminal Court Judge, informing the Petitioner that the Trousdale County Criminal Court did not have subject

---

[1] The judgment form in the technical record does not bear a filed-stamped date.

[2] See Terry v. Ohio, 392 U.S. 1 (1968).

[3] A review of the Department of Correction records reveals that the Petitioner is still currently housed in Trousdale Turner Correctional Center.

matter jurisdiction to rule on the petition because the Petitioner "ha[d] never been before [that] [c]ourt."

The Davidson County Criminal Court summarily dismissed this second petition by written order filed on October 17, 2016. Citing to the letter from the Trousdale County Criminal Court Judge, the habeas corpus court first noted, "[T]he Petitioner appears to have pursued such a writ in Trousdale County, where it was denied because the facts alleged[ly] occurred in Davidson County." For that reason, the habeas corpus court decided to consider the petition on its merits. In addressing the merits of the petition, the habeas corpus court concluded that the Petitioner had failed to state a cognizable claim for relief via a writ for habeas corpus and that if the petition was treated as one seeking post-conviction relief, it was time-barred. Moreover, the habeas corpus court found that the Petitioner "asserted no grounds for which the time bar might be waived."

The Petitioner's notice of appeal document was filed with the Davidson County Court Clerk on November 21, 2016. The Petitioner stated therein that he was not "served" with the habeas corpus court's order until November 15, 2016, and that he was executing the notice of appeal document on November 17, 2016. According to the Petitioner, the habeas corpus court's order was first mailed to the "SPND" or "Special Need Facility" before being rerouted to the Trousdale Turner Correctional Complex, which was why it took almost a month for him to receive it. The case is now before us for our review.

ANALYSIS

On appeal, the Petitioner argues that the habeas corpus court erred by summarily dismissing his petition. The Petitioner avers that his drug conviction is void,[4] maintaining (1) that the drugs were obtained through an illegal Terry stop in violation of his Fourth Amendment rights; (2) that the Petitioner was "a victim of selective prosecution, racial discrimination, and overreaching by police and/or police misconduct"; (3) that trial counsel was ineffective for failing to move to suppress the evidence and for giving erroneous advice regarding the Petitioner's bond; (4) that trial counsel, pursuant to Missouri v. Fyre, 566 U.S. 133 (2012), was ineffective for failing to inform the Petitioner of the Terry violation, and had the Petitioner known of the violation, "he more than likely would have not entered a guilty plea"; and (5) that the Petitioner was coerced into signing the plea agreement.

Regarding the post-conviction statute of limitations, the Petitioner states that he "has been a handicap with various defects in his body and mind." He then submits that

---

[4] Although the Petitioner also submits that his sentence is illegal, he makes no argument regarding any illegality in the six-year sentence.

-3-

the statute should be "equitably tolled," pursuant to Holland v. Florida, 560 U.S. 631 (2010), because he has been diligently pursuing his rights in this matter, and there were extraordinary circumstances that stood in his way and prevented him from timely filing his petition. Detailing these "extraordinary circumstances," the Petitioner states that he was the victim of "a gun-shot incident . . . and was hospitalized in January 2015," which was followed by a six-month-period of "therapy," "when the one-year statute of limitations was running and eventually expired."

The State initially responds that the appeal should be dismissed because the Petitioner failed to file a timely notice of appeal document, remarking that the Petitioner has not requested tolling of the filing deadline and, further, that the interest of justice does not necessitate waiver. Next, the State contends that the Petitioner failed to comply with the procedural requirements for relief via a writ of habeas corpus, citing Tennessee Code Annotated section 29-21-107(b), because the Petitioner did not allege whether the legality of his restraint had already been adjudged in a prior proceeding and because he failed to attach a copy of the Trousdale County petition to the instant petition. According to the State, affirmance on this basis would be proper. Moreover, the State submits that the habeas corpus court correctly concluded that the Petitioner failed to state a cognizable claim for habeas corpus relief because all of the Petitioner's allegations render a judgment voidable, not void.

Addressing the post-conviction statute of limitations, the State argues that the habeas corpus court properly declined to treat the application as a petition for post-conviction relief. The State maintains that the Petitioner has waived any equitable tolling argument by his failure to advance that argument in the habeas corpus court. Regardless, the State avers that the habeas corpus court properly found that due process would not toll the statute of limitations in the Petitioner's case. According to the State, the Petitioner's complaint that he was involved in "a gun-shot incident" does not fall within one of the defined exceptions allowing tolling outlined in Whitehead v. State, 402 S.W.3d 615, 623-24 (Tenn. 2013). Although the Petitioner claims that he was pursuing his rights diligently and that extraordinary circumstances stood in his way of timely filing his petition, that test is only applied in cases where the untimely filing was attributable to attorney misconduct, in the State's opinion.

Under Tennessee law, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

-4-

The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." See Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). In contrast, "[a] voidable conviction or sentence is one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." Taylor, 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); see Tenn. Code Ann. § 29-21-109. We note that the determination of whether to grant habeas corpus relief is a matter of law; therefore, we will review the habeas corpus court's finding de novo without a presumption of correctness. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001).

### A. Notice of Appeal

The order dismissing the habeas corpus petition was filed on October 17, 2016. The Petitioner had thirty days from that date to initiate an appeal as of right; a deadline that expired on November 16, 2016, in his case. See Tenn. R. App. P. 3(e) and 4(a). The Petitioner's notice of appeal was filed with the Davidson County Court Clerk on November 21, 2016, thirty-five days after the filing of the order dismissing the petition for relief. We note that, in the case of a pro se petitioner who is incarcerated, "filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing." Tenn. R. App. P. 20(g). However, the Petitioner's pro se notice of appeal document includes neither a certificate of service nor a statement indicating when the document was delivered to prison officials for mailing.

The Petitioner responds to the State's timeliness argument by noting, once more, that the October 17, 2016 order of the habeas corpus court was first mailed to "SPND" or the "Special Need Facility" and then forwarded to the Trousdale Turner Correctional Complex, where he was an inmate. According to the Petitioner, he "was actually served" with the order on November 15, 2016, and his notice of appeal, which was "filed" two days later on November 17, 2016, should be considered timely. Basically, the Petitioner is asserting that he did not receive a copy of the court order denying his habeas corpus petition in time to file a notice of appeal document within thirty days. In consideration of the Petitioner's explanation, his pro se status, and the relatively short delay in filing, we conclude that the timely filing requirement should be waived in the interest of justice. See Tenn. R. App. P. 4(a); Douglas Marshall Mathis v. Bruce Westbook, Warden, No. M2016-01348-CCA-R3-HC, 2016 WL 7155059, at *2 (Tenn. Crim. App. Nov. 16, 2016)

-5-

(waiving the timely filing requirement although the petitioner did not sign the certificate of service or certify when it was delivered to prison officials for mailing, and the notice of appeal document was filed one day late), perm. app. denied (Tenn. Mar. 8, 2017).

## B. Procedural Requirements

Next, the State contends that the Petitioner did not comply with the procedural requirements for filing a habeas corpus petition (1) because the Petitioner did not allege whether the legality of his restraint had already been adjudged in a prior proceeding and (2) because he failed to attach a copy of the Trousdale County petition to the instant petition. See Tenn. Code Ann. § 29-21-107(b)(3) ("That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief[.]"), (4) ("That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do."). Generally, "the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." Archer, 851 S.W.2d at 165.

However, despite the Petitioner's failure to comply with the mandatory requirements for a habeas corpus petition, the habeas corpus court did not dismiss the petition for procedural noncompliance. Instead, the habeas corpus court's order notes the difficulty the Petitioner had in filing his petition in the appropriate county and that the habeas corpus court was choosing to address the petition on the merits. "A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements; however, dismissal is not required. The habeas corpus court may . . . choose to adjudicate the petition on its merits." Hickman, 153 S.W.3d at 21 (footnote omitted) (citing Tenn. Code Ann. § 29-21-109). Therefore, this court, likewise, will address the merits of the Petitioner's complaints.

## C. Habeas Corpus Claims

The habeas corpus court found that there was no basis for the writ of habeas corpus because the Petitioner's judgment was not void. We agree with the habeas corpus court that the Petitioner's judgment and his plea agreement are facially valid in this case. Accordingly, we conclude that the Petitioner has not met his burden of establishing that his judgment is void or that his sentence has expired.

First, the Petitioner's claim that the cocaine was obtained through an illegal Terry stop in violation of his Fourth Amendment rights does not entitle him to habeas corpus relief. See Gregory Eidson v. State, No. M2015-01657-CCA-R3-HC, 2016 WL 4252360, at *4 (Tenn. Crim. App. Aug. 10, 2016) (citing Russell Leaks v. Bruce Westbrook, Warden, No. M2014-02324-CCA-R3-HC, 2015 WL 8481926, at *2 (Tenn. Crim. App.

Dec. 10, 2015) (stating that the petitioner's claim of an unlawful arrest did not entitled him to habeas corpus relief), perm. app. denied (Tenn. May 4, 2016)), perm. app. denied (Tenn. Jan. 19, 2017); Jason Martindill v. Dwight Barbee, Warden, No. E2012-02624-CCA-R3-HC, 2013 WL 6050748, at *3 (Tenn. Crim. App. Nov. 13, 2013) (concluding that the petitioner's claim that his arrest was warrantless, illegal, or unconstitutional was not cognizable in a habeas corpus proceeding).  Similarly, a claim of vindictive prosecution would render a conviction voidable, not void, and is therefore not cognizable in a habeas corpus proceeding.  See Darrell Watkins v. State, No. W2003-00995-CCA-R3-HC, 2004 WL 221296, at *2 (Tenn. Crim. App. Jan. 26, 2004) (holding that a claim of vindictive prosecution rendered a conviction voidable, not void).

With regard to the Petitioner's allegations that trial counsel was ineffective for failing to move to suppress the evidence, for giving erroneous advice regarding the Petitioner's bond, and failing to inform the Petitioner of the Terry violation, claims of ineffective assistance of counsel are not cognizable claims for habeas corpus relief.  See Jose Luiz Dominquez v. State, No. M2016-00302-CCA-R3-HC, 2017 WL 652218, at *3 (Tenn. Crim. App. Feb. 17, 2017) (citing Michael Aaron Pounds v. Roland Colson, Warden, No. M2012-02254-CCA-R3-HC, 2013 WL 6001951, at *4 (Tenn. Crim. App. Nov. 12, 2013) (holding that claims of ineffective assistance of counsel are not cognizable claims because it "would render [the] judgment voidable rather than void")). Finally, the Petitioner's claim that his guilty plea was unknowing and involuntary due to coercion, if proven, would render the challenged judgment voidable rather than void and does not present a cognizable claim for habeas corpus relief.  Odell Wisdom v. Randy Lee, Warden, and State, No. E2016-01737-CCA-R3-HC, 2017 WL 991910, at *2 n.3 (Tenn. Crim. App. Mar. 14, 2017) (citing Archer, 851 S.W.2d at 163-64) ("[T]he Petitioner's claim that his guilty plea was unknowing and involuntary due to coercion, if proven, would render the challenged judgment voidable rather than void and does not present a cognizable claim for habeas corpus relief."); Larry L. Halliburton, v. State, W2001-00755-CCA-R3-CO, 2002 WL 1558611 (Tenn. Crim. App. Jan. 30, 2002) ("A claim that a guilty plea was not knowingly and voluntarily entered because of coercion is not cognizable in a habeas corpus proceeding.").

### D. Post-Conviction Statute of Limitations

In his reply brief, the Petitioner states that his "[a]pplication should have been treated as a petition for post-conviction relief and/or any other proceedings available for the best interest of justice."  In addition, the Petitioner alleges that habeas corpus court "improperly declined the application as a petition for post-conviction relief."  A court is not bound by the title of a pleading but may instead construe it according to its substance and the relief sought.  See Norton v. Everhart, 895 S.W.2d 317, 319 (Tenn. 1995).  Here, the habeas corpus court determined that, if it were to convert the petition to a petition

seeking post-conviction relief, the petition was time-barred, noting that the Petitioner had not asserted any "grounds for which the time bar might [have] be[en] waived."

In his initial brief to this court, the Petitioner claimed that due process required tolling the statute of limitations because he had been diligently pursuing his rights in this matter, and there were extraordinary circumstances that stood in his way and prevented him from timely filing his petition, citing Holland v. Florida, 560 U.S. 631 (2010). Detailing these "extraordinary circumstances," the Petitioner states that he was the victim of "a gun-shot incident . . . and was hospitalized in January 2015," which was followed by a six-month-period of "therapy," "when the one-year statute of limitations was running and eventually expired." In his reply brief, he further explained that his "physical incompetence due to mentioned 'gun-shot incident' would be considered as the second exception for tolling the statute of limitations mentioned" in Whitehead.

First, we agree with the State that the Petitioner has waived any equitable tolling argument by his failure to advance that argument in the habeas corpus court. See State v. Alvarado, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996) (stating that "[o]rdinarily, issues raised for the first time on appeal are waived"); see also State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001) (stating that "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period" and that the "[f]ailure to include sufficient factual allegations of either compliance with the statute or [circumstances] requiring tolling will result in dismissal"); Konstantinos Diotis v. State, No. W2011-00816-CCA-R3-PC, 2011 WL 5829580, at *2 (Tenn. Crim. App. Nov. 17, 2011) (concluding that the petitioner waived any claim of due process tolling when he raised it for the first time on appeal). Regardless, the habeas corpus court properly found that due process would not toll the statute of limitations in the Petitioner's case. A petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final[.]" Tenn. Code Ann. § 40-30-102(a). Here, it is undisputed that the petition was filed outside the one-year statute of limitations.

The limitations period has three statutory exceptions for certain claims involving new constitutional rights, certain claims involving new scientific evidence, and for sentences enhanced by subsequently overturned convictions. Tenn. Code Ann. § 40-30-102(b). The habeas corpus court correctly concluded that there is nothing in the record to suggest that any of these exceptions apply to the Petitioner's case.

In addition to the statutory circumstances, our supreme court has held that due process principles may require tolling the statute of limitations. See Whitehead, 402 S.W.3d at 622-23. To date, our supreme court "has identified three circumstances in which due process requires tolling the post-conviction statute of limitations": (1) when

the claim for relief arises after the statute of limitations has expired; (2) when the petitioner's mental incompetence prevents him from complying with the statute of limitations; and (3) when the petitioner's attorney has committed misconduct. Id. at 623-24. To succeed upon such a claim, a petitioner must show "(1) that he or she had been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing."[5] Id. at 631 (citing Holland, 560 U.S. at 648-49).

It is clear that the Petitioner relies only upon the second circumstance, claiming that his mental issues, which resulted from a gun-shot incident that required his hospitalization in January 2015 and was followed by six months of therapy, precluded his complying with the applicable statute of limitations. In Nix, our supreme court stated that due process considerations may require tolling of the statute of limitations due to the petitioner's mental incompetence if a petitioner demonstrates "that he is unable either to manage his personal affairs or to understand his legal rights and liabilities." 40 S.W.3d at 463. The Nix court went on to state that a petitioner must include sufficient factual allegations to support his claim of incompetency, emphasizing that,

> to make a prima facie showing of incompetence requiring tolling of the limitations period, a post-conviction petition must include specific factual allegations that demonstrate the petitioner's inability to manage his personal affairs or understand his legal rights and liabilities. Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal[.]

Id. at 464.

The Petitioner has failed to meet the requirements of Nix in order to toll the statute of limitations. See, e.g., Roger Joseph v. State, No. E2010-01891-CCA-R3-PC, 2012 WL 187040 (Tenn. Crim. App. Jan. 23, 2012) (holding that the requirements of Nix had not been satisfied where the petitioner alleged that he was taking four different medications for his mental issues at the time he entered his guilty plea and also that he was not competent to stand trial, but he made no specific factual allegations that he was unable to manage his personal affairs); Kimberly Thurman v. State, No. E2010-00993-CCA-R3-PC, 2011 WL 208048, at * (Tenn. Crim. App. Jan. 11, 2011) (concluding that the petitioner had not met her burden of establishing, by means other than summary

---

[5] The State's argument that this standard only applies to claims of attorney misconduct has been specifically rejected by our supreme court. Our supreme court has held that the "Whitehead-Holland test" "applies to all due process tolling claims, not just those that concern alleged attorney misconduct[,]" and has utilized that standard in analyzing a claim for relief that arose after the statute of limitations had expired. Bush v. State, 428 S.W.3d 1, 21-23 (Tenn. 2014).

allegations of mental illness, that she was unable to manage her personal affairs or understand her legal rights and liabilities).  Even if we were to take the Petitioner's factual allegations as true that he was involved in a gun-shot incident in January 2015, these allegations do not demonstrate a prima facie case that he was unable to manage his personal affairs or unable to understand his legal rights and liabilities.  The Petitioner did not file his petition until over a year later in March 2016.  In the absence of factual allegations to support a claim for due process tolling, we conclude that the habeas corpus court did not err in summarily dismissing the petition.  We agree with the State that the Petitioner's complaint that he was involved in "a gun-shot incident" does not fall within one of the defined exceptions allowing tolling outlined in Whitehead.

CONCLUSION

Upon consideration of the foregoing and the record as a whole, we affirm the judgment of the habeas corpus court summarily dismissing the petition.

_____
D. KELLY THOMAS, JR., JUDGE